IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MATTHEW JAMES WILSON,**                                         1:13-CV-01914-BR

        **Plaintiff,**                                       OPINION AND ORDER

**v.**

**CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,**

        **Defendant.**


**KATHRYN TASSINARI
BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

        Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**

1 - OPINION AND ORDER

Regional Chief Counsel
**JOHN C. LAMONT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3703

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Matthew James Wilson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    On October 3, 2014, the Commissioner filed a Request (#17) to Remand for further administrative proceedings.  The Court took this matter under advisement on November 10, 2014.

    Following a review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS in part** and **DENIES in part** the Commissioner's Request, and **REMANDS** this matter for the immediate calculation and award of benefits.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his applications for SSI and DIB on August 23, 2010, and alleged a disability onset date of August 28, 2006.  Tr. 204, 208.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 7, 2012.  Tr. 31-96.  Plaintiff was represented by an attorney at the hearing.  Plaintiff, a lay witness, and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on September 21, 2012, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 7-24.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on August 22, 2013, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on July 13, 1968.  Tr. 204.  Plaintiff was 44 years old at the time of the hearing.  Plaintiff graduated from high school and has two years of college.  Tr. 255.  Plaintiff has past relevant work experience as a "range cowboy," horse trainer, horse shoer, ranch hand, and tree planter.  Tr. 86, 285.

---

[1] Citations to the official transcript of record filed by the Commissioner on April 11, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability due to bipolar disorder, a broken back, broken limbs, muscle spasms, problems with his left shoulder, and dizziness.  Tr. 254.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 15-18.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42

4 - OPINION AND ORDER

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

     The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

**I.   The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his August 28, 2006, alleged onset date.  Tr. 12.

At Step Two the ALJ found Plaintiff has the severe impairments of bipolar disorder, cervicalgia-associated facet arthrosis of the cervical spine, degenerative changes in the thoracic spine, and "shoulder pain secondary to altered mechanics with muscle spasm."  Tr. 13.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 311-12.  The ALJ found Plaintiff has the RFC to perform light work and to crawl or to climb ladders, ropes, and scaffolds occasionally.  Tr. 15.  The ALJ found Plaintiff should avoid contact with the general public and teamwork or collaboration with others.  Tr. 15.

At Step Four the ALJ concluded Plaintiff is not capable of performing his past relevant work.  Tr. 18.

8 - OPINION AND ORDER

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 19-20.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinions of Michelle Whitehead, Ph.D., and William Trueblood, Ph.D., examining psychologists; (3) improperly failed to consider limitations described by the lay witness; and (4) improperly found Plaintiff could perform other work in the national economy.

In her Request to Remand the Commissioner concedes the ALJ improperly rejected the opinions of Drs. Whitehead and Trueblood and failed to consider the limitations described by the lay witness.  The Commissioner requests the Court to remand for further proceedings on those issues.  Plaintiff, however, asserts the matter should be remanded for an immediate award of benefits.

**I.   The ALJ erred when he improperly rejected the opinions of Drs. Trueblood and Whitehead.**

As noted, Plaintiff contends and the Commissioner concedes the ALJ erred when he improperly rejected the opinions of examining psychologists Drs. Trueblood and Whitehead.

9 - OPINION AND ORDER

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

**A.   Dr. Trueblood**

Dr. Trueblood conducted a psychodiagnostic evaluation of Plaintiff on October 18, 2010.  Dr. Trueblood noted "[i]t was a slow process to obtain information from [Plaintiff] because of his hyperverbal and tangential speech.  Tr. 387.  Dr. Trueblood concluded, among other things, that Plaintiff's tangential speech was "direct evidence of significant disturbance in the ability to sustain attention/concentration, and persist."  Tr. 393. Dr. Trueblood found Plaintiff's judgment was limited, and his anger-control problems "would substantially impact interpersonal

10- OPINION AND ORDER

functioning." *Id*. Finally, Dr. Trueblood assigned Plaintiff a GAF of 47.[2]

The ALJ did not identify the weight, if any, he afforded to Dr. Trueblood's opinion. The ALJ noted only that Dr. Trueblood had assigned Plaintiff a GAF of 47 but Dr. Whitehead reported Plaintiff's GAF had improved to a range of 48-52. As noted, the Commissioner concedes the ALJ erred when he did not address Dr. Trueblood's narrative explanation. The Commissioner also concedes the variance of between one and five points on a GAF score is not a sufficient reason for the ALJ to reject Dr. Trueblood's opinion. The Court agrees on both points. Indeed, the Court notes the APA abandoned the GAF from the DSM-5 "for several reasons, including its conceptual lack of clarity . . . and questionable psychometrics in routine practice." DSM-V 16 (5th ed. 2013).

On this record the Court concludes the ALJ erred when

---

[2] Although the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* issued May 27, 2013, abandoned the GAF scale in favor of standardized assessments for symptom severity, diagnostic severity, and disability (*see Diagnostic and Statistical Manual of Mental Disorders V* (DSM-V) 16 (5th ed. 2013)), at the time of Plaintiff's assessment and the ALJ's opinion the GAF scale was used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100 (*see Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000)). In the fourth edition, a GAF of 41-50 indicated serious symptoms (suicidal ideation, severe obsessional rituals frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, few friends, unable to keep a job).

11- OPINION AND ORDER

he rejected Dr. Trueblood's opinion because he failed to provide legally sufficient reasons supported by the record for doing so.

    **B.   Dr. Whitehead**

       Dr. Whitehead conducted a psychodiagnostic evaluation of Plaintiff on July 30, 2012. Dr. Whitehead concluded Plaintiff is moderately limited in making judgments on complex work-related decisions due to "bipolar symptoms including periods of agitation, mania, over reactivity and negativity and periods of depression." Tr. 443. Dr. Whitehead noted Plaintiff had marked limitations in his ability to interact appropriately with the public, supervisors, and co-workers. Tr. 444.

       The ALJ gave "significant weight to Dr. Whitehead's findings and assessment to the extent it supports restriction to jobs that avoid contact with the general public or collaboration with co-workers." Tr. 17. The ALJ, however, rejected the severe social limitations noted by Dr. Whitehead on the ground that they seemed "inconsistent with the ability to respond to usual work situations and to changes in routine work setting." Tr. 17. The ALJ also found Dr. Whitehead's conclusion that Plaintiff could remember and understand complex instructions was inconsistent with her opinion that Plaintiff's judgment was limited. Tr. 17.

       The Commissioner concedes the ALJ erred in his evaluation of Dr. Whitehead's opinion because "it is difficult to discern a [rational] inconsistency between intact memory and

12- OPINION AND ORDER

understanding and poor judgment." The Court agrees and concludes the ALJ erred when he rejected Dr. Whitehead's opinion because he failed to provide legally sufficient reasons supported by the record for doing so.

**II.   The ALJ erred when he improperly failed to consider all of the mental limitations described by the lay witness.**

As noted, Plaintiff asserts the ALJ erred when he failed to consider all of Plaintiff's mental limitations as described by the lay witness.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout,* 454

13- OPINION AND ORDER

F.3d at 1056.

Plaintiff's wife, Rachel Wilson, testified at the hearing that Plaintiff's ability to interact with other people is severely limited. She described Plaintiff as overwhelmed, agitated, and angry when dealing with potential customers. Tr. 73-74. Rachel Wilson noted Plaintiff often becomes verbally aggressive and thinks people are exploiting him. Tr. 74. She cited several examples of situations in which Plaintiff became verbally aggressive. Tr. 73-74, 80. Rachel Wilson described Plaintiff as "chronically paranoid" and stated Plaintiff intentionally provokes people. Tr. 77.

The ALJ stated he was giving "significant weight" to the social limitations cited by Rachel Wilson. Tr. 18. The ALJ, however, pointed out in May 2012 that Plaintiff created and sold artwork and trained horses. The ALJ failed to note Rachel Wilson's testimony that after Plaintiff began receiving orders for his artwork, he was "very overwhelmed, agitated and angry." Tr. 73. According to Rachel Wilson, Plaintiff ultimately became aggressive verbally with people about the price of his artwork, and he completely stopped working on his art. Tr. 73-74. Rachel Wilson described similar problems with Plaintiff's interaction with customers who hired him to train their horses. Tr. 74. One customer told Rachel Wilson that he was sorry he ever asked Plaintiff to ride his horse because Plaintiff had become "very

14- OPINION AND ORDER

angry and agitated" with him about the fee.  *Id*.

The ALJ stated he was accounting for Rachel Wilson's testimony regarding Plaintiff's limitations by restricting Plaintiff to avoiding interaction with the general public or collaborative endeavors with co-workers.  The Commissioner, however, concedes the ALJ erred because his restriction based on only these limitations does not account for all of Plaintiff's mental limitations that Rachel Wilson described and the ALJ did not explain why he was rejecting the remaining limitations.

On this record the Court concludes the ALJ erred when he rejected portions of Rachel Wilson's testimony without providing reasons germane to Rachel Wilson for doing so.

**III. This matter is remanded for immediate payment of benefits.**

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014).

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test that

15- OPINION AND ORDER

must be satisfied for a court to remand for an immediate award of benefits directed. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Garrison*, 759 F.3d at 1020 (citations omitted).

The Court has determined the ALJ erred when he improperly rejected the opinions of Drs. Trueblood and Whitehead as well as portions of the lay-witness testimony. Those opinions are not contradicted by the opinions of other treating or examining physicians, and the record has been fully developed. The Commissioner does not point to any specific part of the record that requires further development. The Ninth Circuit made clear in *Garrison* that a matter should not be remanded for further proceedings to provide the Commissioner with a redo:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the first part of credit-as-true analysis. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide *1022 the issue again would create an unfair 'heads we win; tails, let's play again' system of disability

16- OPINION AND ORDER

>    benefits adjudication."); *Moisa*, 367 F.3d at 887
>    ("The Commissioner, having lost this appeal,
>    should not have another opportunity to show that
>    Moisa is not credible any more than Moisa, had he
>    lost, should have an opportunity for remand and
>    further proceedings to establish his credibility."
>    (citation omitted)).

759 F.3d at 1021-22.

Here the VE testified an individual who would react aggressively or angrily towards a supervisor or coworkers approximately once a week would not be competitively employable. Tr. 89-90. The VE also testified that an individual who could not sustain attention or concentration for simple tasks throughout an eight-hour day would not be competitively employable. Tr. 90. Crediting as true the opinions of Drs. Trueblood and Whitehead,[3] the Court finds Plaintiff cannot work on a regular and continuing basis and, therefore, is disabled.

Accordingly, the Court remands this matter for the purpose of permitting the Commissioner to calculate and to award benefits to Plaintiff.

---

[3] The Commissioner asserts the credit-as-true rule is inconsistent with the Social Security Act and administrative law. The Ninth Circuit, however, rejected these arguments in *Garrison* noting "this argument is foreclosed by precedent. On at least one occasion, in fact, we have specifically considered and rejected . . . the arguments advanced anew in the Commissioner's brief. *See Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004)." 759 F.3d at 1020 n.25.

17- OPINION AND ORDER

**CONCLUSION**

For these reasons,, the Court **REVERSES** the Commissioner's decision, **GRANTS in part** and **DENIES in part** the Commissioner's Request (#17) to Remand, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 9th day of December, 2014.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

18- OPINION AND ORDER